1  NATHAN M. JENKINS (560)
   JENKINS LAW FIRM
2  1895 Plumas Street, Suite 2
   Reno, NV  89509
3  (775) 829-7800
   Attorneys for Defendant Northern Nevada Operating
4     Engineers Health & Welfare Trust Fund

5

6                    UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF NEVADA

8

9  GOLIGHTLY & VANNAH, PLLC,                    Case No.

10        Plaintiff,

11 vs.                                          **NOTICE OF REMOVAL OF
                                                ACTION UNDER 28 U.S.C. §
12 HAL HAMLETT, an individual; JESSICA          1441(a) (FEDERAL QUESTION)**
   HAMLETT, an individual; JAIDYN
13 HAMLETT, a minor; JONATHAN HOLLAND,
   a minor; REGIONAL EMERGENCY
14 MEDICAL SERVICE AUTHORITY;
   CHRISTIAN PURGASON, D.O. dba
15 NORTHERN NEVADA EMERGENCY
   PHYSICIANS; TJ ALLEN, LLC; RENOWN
16 REGIONAL MEDICAL CENTER; RENO
   ORTHOPAEDIC CLINIC, LTD., DR.
17 CHRISTENSEN; RENO RADIOLOGICAL
   ASSOCIATES, CHARTERED; ROBERT G.
18 BERRY, JR., M.D. PROFESSIONAL
   CORPORATION dba ORTHOPEDIC
19 REHABILITATION SPECIALISTS OF NV;
   UNIVERSAL SERVICES, INC.; OPERATING
20 ENGINEERS FUNDS, INC. dba OPERATING
   ENGINEERS HEALTH & WELFARE TRUST
21 FUND; DOE Defendants I through X; ROE
   CORPORATION Defendants XI through XX,
22
         Defendant.
23 _____/

24
   TO:   Plaintiff and its counsel of record, Robert D. Vannah, Esq., L. Dipaul Marrero II, Esq.,
25        Golightly & Vannah, PLLC, 5555 Kietzke Lane, Suite 150, Reno, NV  89511.

26        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441, and 1446, Defendant

27 Northern Nevada Operating Engineers Health & Welfare Trust Fund ("Defendant" or the "Trust

28 Fund") named in the Complaint in Interpleader as Operating Engineers Funds, Inc. dba Operating

JENKINS LAW FIRM
ATTORNEYS AT LAW
1895 Plumas Street, Suite 2
Reno, Nevada 89509
(775) 829-7800 Fax (775) 829-0511

1

1  Engineers Health & Welfare Trust Fund, hereby removes to the United States District Court for

2  the District of Nevada the above-entitled action from the Second Judicial District Court of the

3  State of Nevada, County of Washoe. A copy of the Notice of Removal filed with the Clerk of the

4  Second Judicial District Court of the State of Nevada, in and for the County of Washoe is

5  attached hereto as Exhibit 1. A copy of the Complaint in Interpleader is attached hereto as

6  Exhibit 2.

## INTRODUCTION

8      1.     This is an interpleader action filed by Plaintiff Golightly & Vannah, PLLC.

9  Plaintiff alleges that he obtained settlement proceeds in a claim asserted on behalf of his clients,

10  Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, against a third-party

11  tortfeasor. Ex. 2 at ¶ 4. The Trust Fund's Summary Plan Description provides the following

12  regarding third-party payments:

> **Third-party Payments (Subrogation)** The Fund shall be entitled to subrogation and / or reimbursement of all rights of recovery of a Participant, Dependent, and representative, guardian, trustee, agent, or assignee of such Participant and / or Dependent (collectively, "Claimant"). The Fund shall be subrogated to any and all rights of recovery and causes of action, whether by suit, settlement or otherwise, that Claimant may have against any person or entity that may be liable for Claimant's Injury, sickness or condition for which the Fund has paid or may be obligated to pay benefit son Claimant's behalf.  claimant shall execute and deliver instruments and papers and whatsoever else is necessary to secure such rights.  claimant shall not do anything to impair, release, discharge or prejudice the Fund's rights to subrogation and / or reimbursement.

> The Fund shall also be entitled, to the fully extent of payments made or to be made by the Fund to or on behalf of Claimant, to the proceeds of any settlement, judgment or payment from any source liable for making a payment relating to Claimant's Injury, sickness or condition for which the Fund has paid or is obligated to pay benefit son Claimant's behalf. A source includes, without limitation, a responsible party and / or responsible party's insurer (or self-funded protection), no-fault protection, personal injury protection, medical payments coverage, financial responsibility, uninsured or underinsured insurance coverage, and an individual policy of insurance maintained by Claimant. In the event of a recovery or settlement, the Fund shall be reimbursed out of such recovery or settlement for all expenses, costs and attorneys' fees incurred by the Fund in connection therewith.

> Claimant shall hold in trust for the Fund's benefit that portion of the total recovery from any source that is due for payments made or to be made. Claimant shall reimburse the Fund immediately upon recovery. Claimant shall immediately notify the Fund if Claimant is involved in or suffers an accident or injury fo which a third arty may be liable. Claimant shall again

JENKINS LAW FIRM
ATTORNEYS AT LAW
1895 Plumas Street, Suite 2
Reno, Nevada 89509
(775) 829-7800  Fax (775) 829-0511

notify the Fund if Claimant purses a claim to recovery damages or other relief relating to any Injury, sickness or condition for which the Fund has paid or is obligated to pay benefits on Claimant's behalf. Claimant shall immediately notify the Fund upon receiving a judgment, settlement offer, or other compromise offer, and upon filing any petition to compromise a minor's claim. Claimant shall not settle or compromise any claims without the Fund's consent.

The Trust Fund's subrogation and reimbursement rights shall apply on a priority, first-dollar basis to any recovery, whether by suit, settlement or otherwise, whether there is a partial or full recovery and regardless of whether Claimant is made whole and regardless of whether the amounts are characterized or described as medical expenses or as amounts other than for medical expenses. The Fund shall be entitled, to the full extent of any payment made or to be made to or on behalf of Claimant, to the proceeds of any settlement or judgment hat may result from the exercise of any rights of recovery of Claimant against any person or entity for the Injury, sickness or condition for which such payment was made or will be made. The Fund shall be entitled to complete reimbursement for all benefits paid and to be paid regardless of attorneys' fees or costs incurred by Claimant in obtaining any settlement or judgment.

Once the Fund makes or is obligated to make payments on behalf of Claimant, the Fund is granted, and Claimant consents to, an equitable lien by agreement and/or a constructive trust on the proceeds of any payment, settlement, or judgment received by or on behalf of Claimant from any source to the full extent of payments made or to be made by the Fund on Claimant's behalf.

Neither the make whole rule, the common fund doctrine, nor any other federal or state common law defense shall in any way reduce or limit the Fund's reimbursement, subrogation, and other rights under this section. The Fund's reimbursement, subrogation, and other rights under this section may not be adjudicated or modified through a compromise of a minor's claim pursuant to NRS 41.200 or other comparable statute.

The Fund may require Claimant to complete and execute certain documentation to assist the Fund in the enforcement of its subrogation and reimbursement rights including, without limitation, a subrogation and reimbursement questionnaire and a reimbursement agreement. The completion and execution of any documents requested by the Fund shall be a condition precedent to receiving payment for a claim. If Claimant fails to complete and execute such documentation, the Fund shall have the right to suspend all benefit payments that would otherwise be due to Claimant, the Participant of whom claimant is a Dependent and any other Dependent of Claimant or such Participant.

The Fund may cease advancing benefits if there is a possible basis to determine this provision may not be enforceable, or if there is a basis to believe that claimant will not honor the terms of this section. The Fund may also deny coverage for expenses incurred after recovery on the third-party claim, if such expenses are related to the third-party recovery. If the Fund is not reimbursed upon recovery on a claim, the Fund or its Trustees may bring an action against any Claimant to enforce the Fund's right to reimbursement and / or the agreement to reimburse, and / or to seek a constructive trust or

3

JENKINS LAW FIRM
ATTORNEYS AT LAW
1895 Plumas Street, Suite 2
Reno, Nevada 89509
(775) 829-7800  Fax (775) 829-0511

1  other remedy. In addition, without waiving any other remedy, the Fund may
2  recoup the reimbursement by recovering from the source to which benefit s
   were paid and / or by offsetting against future benefit payments that would
   otherwise be due to Claimant, the Participant of whom Claimant is a
3  Dependent and any other Dependent of Claimant or such Participant.

4  Pursuant to the Summary Plan Description, the Trust Fund has asserted a lien against the

5  settlement proceeds. Plaintiff's interpleader action seeks to interplead the settlement proceeds.

6  Ex. 2 at ¶ 25. Plaintiff has named the Trust Fund, Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett,

7  and Jonathan Holland, and other parties as defendants. Ex. 2 at ¶¶ 3-13. The Trust Fund is

8  removing because its subrogation claim arises under federal law, Section 502(a)(3) of the

9  Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.

10 1132(a)(3). Pursuant to ERISA § 502(e)(1), the Trust Fund's claim is subject to the exclusive

11 jurisdiction of the federal courts. 29 U.S.C. §1132(e)(1).

## REMOVAL JURISDICTION

12     2.    This Court has original jurisdiction over this action under 28 U.S.C. § 1331

13 because it involves an alleged claim or right arising under the laws of the United States. In

14 support of this removal, the Defendant Trust Fund makes the following showing:

## TIMELINESS OF REMOVAL

15     3.    On February 3, 2016, Plaintiff Golightly & Vannah filed a Complaint In

16 Interpleader in the Second Judicial District Court of the State of Nevada in and for the County of

17 Washoe entitled GOLIGHTLY & VANNAH, Plaintiff v. HAL HAMLETT et al., case no. CV16-

18 00245.

19     4.    Defendant Trust Fund has not been served with a summons or complaint, and it

20 does not appear from the state court docket that any defendant has been served. Upon learning of

21 the Complaint in Interpleader, on March 10, 2016, counsel for Defendant Trust Fund sent a letter

22 to Plaintiff agreeing to accept service of the Complaint in Interpleader. Exhibit 3.

23     5.    A copy of the Complaint in Interpleader is attached hereto as Exhibit 2, and is

24 incorporated herein by reference as though fully set forth in its entirety.

## FEDERAL QUESTION JURISDICTION

25     6.    This action is a civil action of which this Court has original jurisdiction under 28

4

JENKINS LAW FIRM
ATTORNEYS AT LAW
1895 Plumas Street, Suite 2
Reno, Nevada 89509
(775) 829-7800 Fax (775) 829-0511

1   U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the

2   provisions of 28 U.S.C. § 1441(a).

3        7.    Defendant is a multi-employer welfare benefit trust established in accordance with

4   the provisions of Section 302(c)(5) of the Labor-Management Relations Act of 1947, as

5   amended, 29 U.S.C. § 186(c)(5). Defendant is an employee welfare benefit plan within the

6   definition of ERISA § 3(1). 29 U.S.C. § 1002(1). Defendant's principal place of business is

7   within this District in Reno, Nevada.

8        8.    To determine whether federal question jurisdiction exists over an interpleader

9   action, the court employs the declaratory judgment standard. "Whether the action is styled as one

10  for interpleader or for declaratory relief, the cause of action litigated is not that of the plaintiff but

11  that of the defendants." *Morango Band of Mission Indians v. California State Bd. of*

12  *Equalization*, 858 F.2d 1376, 1384 (9th Cir. 1988). "Federal jurisdiction over both types of

13  actions is proper if the causes(s) of action anticipated by the plaintiff's suit would arise under

14  federal law." *Id.* An ERISA trust fund's subrogation claim arises under federal law pursuant to

15  ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547

16  U.S. 356, 369 (2006). Therefore, an interpleader action that seeks to resolve an ERISA trust

17  fund's subrogation claim triggers federal jurisdiction. As stated in *Lincoln General Ins. Co. v.*

18  *State Farm Mutual Automobile Ins. Co.*, 425 F.Supp.2d 738, 743 (E.D. Va. 2006):

19         "[I]t should also be noted that there is independent federal jurisdiction over this
       action under ERISA. This is so because NTCA's subrogation claim against

20         Lincoln General is plainly governed by the provisions of that federal statute.
       Indeed, the Fourth Circuit has held that where, as here, an ERISA plan asserts a

21         subrogation right to reimbursement, the plan may file that action in federal court
       pursuant to Section 502(a)(3) of ERISA ..."

22  "Congress has clearly manifested an intent to make causes of action within the scope of the civil

23  enforcement provisions of § 502(a) removable to federal court." *Metropolitan Life Ins. Co. v.*

24  *Taylor,* 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

25       9.    Under the well-pleaded complaint rule the interpleader action does not allege a

26  federal cause of action on its face. "One corollary of the well-pleaded complaint rule developed

27  in the case law, however, is that congress may so completely pre-empt a particular area that any

28

5

1  civil complaint raising this select group of claims is necessarily federal in character."

2  *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

3  "That is, '[o]n occasion ... the pre-emptive force of a statute is so "extraordinary" that it

4  "converts an ordinary state common-law complaint into one stating a federal claim for purposes

5  of the well pleaded complaint rule." *Harris v. Provident Life and Accident Ins. Co.,* 26 F.3d 930,

6  934 (9th Cir. 1994) (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96

7  L.Ed.2d 318 (1987)).  Here the pre-emptive force of ERISA is so "extraordinary" that it converts

8  the state court interpleader action to resolve an ERISA trust fund's subrogation claim into a

9  federal claim for purposes of the well-pleaded complaint rule.  This case therefore arises under

10  the laws of the United States and is removable to federal court by the Defendant Trust Fund.

**VENUE**

11

12  10.  Venue lies in the United States District Court of Nevada pursuant to 28 U.S.C. §§

13  1441(a) and 1391(b), because the original state court action was filed in this District and this is

14  the judicial district in which the action arose and the parties reside.

15  For the reasons stated above, this civil action is properly removed to this Court.

16  DATED this ___15th___ day of March, 2016.

17  JENKINS LAW FIRM
   Attorneys for Defendant Northern Nevada Operating
18  Engineers Health & Welfare Trust Fund

19

20  By:_____
   NATHAN M. JENKINS
21  1895 Plumas Street, Suite 2
   Reno, NV  89509
22

23

24

25

26

27

28

JENKINS LAW FIRM
ATTORNEYS AT LAW
1895 Plumas Street, Suite 2
Reno, Nevada 89509
(775) 829-7800 Fax (775) 829-0511

## CERTIFICATE OF SERVICE

I certify that I am an employee of JENKINS LAW FIRM and that on this date the within document entitled **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)** was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically e-serve the same on the attorney of record set forth below:

Robert D. Vannah, Esq.,
L. Dipaul Marrero II, Esq.
Golightly & Vannah, PLLC
5555 Kietzke Lane, Suite 150
Reno, NV  89511

DATED this ___15___ day of March, 2016.

_Dickie Perry_
_____

JENKINS LAW FIRM
ATTORNEYS AT LAW
1895 Plumas Street, Suite 2
Reno, Nevada 89509
(775) 829-7800 Fax (775) 829-0511