# EXHIBIT 1

Golightly & Vannah vs. Hamlett, et al.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**

# EXHIBIT 1

2580
NATHAN M. JENKINS (560)
JENKINS LAW FIRM
1895 Plumas Street, Suite 2
Reno, NV 89509
(775) 829-7800
Attorneys for Defendant Northern Nevada Operating
  Engineers Health & Welfare Trust Fund

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

GOLIGHTLY & VANNAH, PLLC,

    Plaintiff,

vs.

HAL HAMLETT, an individual; JESSICA HAMLETT, an individual; JAIDYN HAMLETT, a minor; JONATHAN HOLLAND, a minor; REGIONAL EMERGENCY MEDICAL SERVICE AUTHORITY; CHRISTIAN PURGASON, D.O. dba NORTHERN NEVADA EMERGENCY PHYSICIANS; TJ ALLEN, LLC; RENOWN REGIONAL MEDICAL CENTER; RENO ORTHOPAEDIC CLINIC, LTD., DR. CHRISTENSEN; RENO RADIOLOGICAL ASSOCIATES, CHARTERED; ROBERT G. BERRY, JR., M.D. PROFESSIONAL CORPORATION dba ORTHOPEDIC REHABILITATION SPECIALISTS OF NV; UNIVERSAL SERVICES, INC.; OPERATING ENGINEERS FUNDS, INC. dba OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND; DOE Defendants I through X; ROE CORPORATION Defendants XI through XX,

    Defendant.

Case No. CV16-00245

Dept. No. 7

**NOTICE OF FILING OF REMOVAL**

PLEASE TAKE NOTICE that, on this date, Defendant Northern Nevada Operating Engineers Health & Welfare Trust Fund, named in the Complaint in Interpleader as Operating Engineers Funds, Inc. dba Operating Engineers Health & Welfare Trust Fund, by and through

1

their undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, filed a Notice of Removal to Federal Court of this action in the United States District Court for the District of Nevada.

A copy of the Notice of Removal to Federal Court is attached to this Notice, and is served and filed herewith.

Defendant respectfully requests that this Court proceed no further in this cause unless and until this action is remanded to State court. Absent the entry of a remand order by the United States District Court for the District of Nevada, this Court is divested of jurisdiction in this cause and is thereby requested to stay all further proceedings.

## AFFIRMATION

The undersigned does hereby affirm that the within document does not contain the social security number of any person.

DATED this 15th day of March, 2016.

JENKINS LAW FIRM
Attorneys for Defendant Northern Nevada Operating
Engineers Health & Welfare Trust Fund

By: _____
NATHAN M. JENKINS
1895 Plumas Street, Suite 2
Reno, NV 89509

2

# CERTIFICATE OF SERVICE

I certify that I am an employee of JENKINS LAW FIRM and that on this date the within document entitled **NOTICE OF FILING OF REMOVAL** was electronically filed with the Clerk of the Court using the ECF system, which will automatically e-serve the same on the attorney of record set forth below:

Robert D. Vannah, Esq.,
L. Dipaul Marrero II, Esq.
Golightly & Vannah, PLLC
5555 Kietzke Lane, Suite 150
Reno, NV  89511

DATED this ___15___ day of March, 2016.

_Vickie Perry_ (signature)

JENKINS LAW FIRM
ATTORNEYS AT LAW
1895 Plumas Street, Suite 2
Reno, Nevada 89509
(775) 829-7800  Fax (775) 829-0511

# EXHIBIT 2

Golightly & Vannah vs. Hamlett, et al.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**

# EXHIBIT 2

F I L E D
Electronically
2016-02-03 10:05:24 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 5352418 : csulezi

1425
ROBERT D. VANNAH, ESQ.
Nevada Bar No. 002503
L. DIPAUL MARRERO II, ESQ.
Nevada Bar No. 012441
**GOLIGHTLY & VANNAH, PLLC**
5555 Kietzke Lane, Suite 150
Reno, Nevada 89511
Telephone (775) 222-3333
*Attorneys for Plaintiff*

IN THE SECOND JUDICIAL DISTRICT COURT OF
THE STATE OF NEVADA IN AND FOR THE
COUNTY OF WASHOE

GOLIGHTLY & VANNAH, PLLC,

　　　　Plaintiff,

vs.

HAL HAMLETT, an individual; JESSICA HAMLETT, an individual; JAIDYN HAMLETT, a minor; JONATHAN HOLLAND, a minor; REGIONAL EMERGENCY MEDICAL SERVICE AUTHORITY; CHRISTIAN PURGASON, D.O., dba NORTHERN NEVADA EMERGENCY PHYSICIANS; TJ ALLEN, LLC; RENOWN REGIONAL MEDICAL CENTER; RENO ORTHOPAEDIC CLINIC, LTD., DR. CHRISTENSEN; RENO RADIOLOGICAL ASSOCIATES, CHARTERED; ROBERT G. BERRY, JR., M.D. PROFESSIONAL CORPORATION dba ORTHOPEDIC REHABILITATION SPECIALISTS OF NV; UNIVERSAL SERVICES, INC.; OPERATING ENGINEERS FUNDS, INC. dba OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND; DOE Defendants I through X; ROE CORPORATION Defendants XI through XX,

　　　　Defendants.

CASE NO.:
DEPT NO.:

COMPLAINT IN INTERPLEADER

NAR 3(a) Exempt from Arbitration
action in equity and for declaratory relief;
amount in controversy.

1

Plaintiff GOLIGHTLY & VANNAH, PLLC (hereinafter "Plaintiff"), by and through its attorneys of record ROBERT D. VANNAH, ESQ. and L. DIPAUL MARRERO II, ESQ., for its cause of action against the Defendants, and each of them, complains and alleges as follows:

1. This Court has jurisdiction pursuant to N.R.C.P. 22, which confers upon Plaintiff the right to interplead.

2. That Plaintiff is a law firm duly licensed to do business, and is doing business, within the County of Washoe, State of Nevada.

3. That Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland were, at all times relevant to this action, residents of Washoe County, Nevada.

4. That Plaintiff was retained by Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland to represent Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland for personal injuries they sustained in a motor vehicle accident against David Howard, which accident occurred on August 2, 2013.

5. That Defendant REGIONAL EMERGENCY MEDICAL SERVICE AUTHORITY, is and, at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Washoe County, State of Nevada, and provided medical care and treatment to Boyd, all or part of which was on a lien basis.

6. That Defendant CHRISTIAN PURGASON, D.O., dba NORTHERN NEVADA EMERGENCY PHYSICIANS, is and, at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Washoe County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

7. That Defendant TJ ALLEN, LLC, is and, at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Washoe

2

County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

8. That Defendant RENOWN REGIONAL MEDICAL CENTER is and, at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Washoe County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

9. That Defendant RENO ORTHOPAEDIC CLINIC, LTD., DR. CHRISTENSEN, is and, at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Washoe County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

10. That Defendant RENO RADIOLOGICAL ASSOCIATES, CHARTERED, is and, at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Washoe County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

11. That Defendant ROBERT G. BERRY, JR., M.D. PROFESSIONAL CORPORATION dba ORTHOPEDIC REHABILITATION SPECIALISTS OF NV, is and, at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Washoe County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

12. That Defendant UNIVERSAL SERVICES, INC, is and, at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing

business in Washoe County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

13. That Defendant OPERATING ENGINEERS FUNDS, INC. dba OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND, is and, at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Washoe County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

14. That the true names and capacities, whether individual, corporate, associate, or otherwise, DOE Defendants I through X are unknown to Plaintiff, who therefore sues said Defendant by such fictitious names. Plaintiff is informed, believes and thereupon alleges that at all relevant times, each of the Defendants designated as a DOE Defendant is responsible in some manner for the events and happenings described herein. As such, Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of said Defendants as they become identified and known to Plaintiff.

15. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants ROE Corporations XI through XX, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed, believes and thereupon alleges that at all relevant times, each of the Defendants designated, as a ROE CORPORATION is responsible in some manner for the events and happenings described herein. As such, Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of said Defendants as they become identified and known to Plaintiff.

16. On August 2, 2013 Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland were injured in an automobile collision caused by David Howard.

17. Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland entered into a contingent attorney fee agreement with Plaintiff, which provided that Plaintiff would receive thirty three and one third percent (33 1/3 %) of any monies recovered in addition to all costs associated with the pursuit of recovery against Luis Esquivel following the initiation of litigation.

18. There were other claimants related to the subject automobile collision caused by David Howard, whose liability insurance was not sufficient to satisfy all claims

19. Plaintiff settled the claim in the amount of $11,944.00 as to Hal Hamlett; $11,240.00 as to Jessica Hamlett; $656.00 as to Jaidyn Hamlett; and $600.00 as to Jonathan Holland, for a total settlement of $24,440.00 ("Settlement Proceeds").

20. Plaintiff is therefore entitled to thirty three and one third percent (33 1/3 %) of the Settlement Proceeds, or $3,746.67 as to Jessica Hamlett along with $180.00 in costs; $3,981.33 as to Hal Hamlett with $165.00 in costs; $218.66 as to Jaidyn Hamlett; and $200.00 as to Jonathan Holland, pursuant to their contingent attorney fee agreements.

21. Plaintiff maintains a charging lien in this matter pursuant to NRS 18.015 which takes priority in this matter pursuant to *Michel v. Eighth Judicial District Court*, 117 Nev. 145, 17 P.3d 1003 and NRS 108.600.

22. Plaintiff is informed and believes that Defendants may have existing liens against the Settlement Proceeds for services provided to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland after the August 2, 2013, automobile collision.

23. Plaintiff is informed and believes that the total monetary value of liens claimed by Defendants may exceed the remainder of the Settlement Proceeds after Plaintiff receives its contingency fee.

24. Plaintiff cannot safely determine which liens should be paid or what percentage should be awarded to Defendants, therefore exposing Plaintiff to multiple liabilities.

25. Plaintiff seeks to interplead pursuant to NRCP 22 the entirety of the aforesaid $24,440.00 with the Court and to have the Court determine the rights of each party with respect to the funds.

26. Defendant **Renown Regional Medical Center** has a lien and/or is owed $38,658.25 as to Defendant Hal Hamlett; $33,170.75 as to Defendant Jessica Hamlett; and $1,096.00 as to Defendant Jaidyn Hamlett; a portion of these bills may have been paid by Defendant **Operating Engineers Funds, Inc. dba Operating Engineers Health & Welfare Trust Fund**.

27. Defendant **Christian Purgason, D.O., dba Northern Nevada Emergency Physicians** has a lien and/or is owed $1,022.00 as to Defendant Hal Hamlett; $2,185.00 as to Defendant Jessica Hamlett; and $299.00 as to Defendant Jaidyn Hamlett.

28. Defendant **TJ Allen, LLC** has a lien and/or is owed $1,907.00 as to Defendant Hal Hamlett; $2,255.00 as to Defendant Jessica Hamlett; and $2,279.00 as to Defendant Jonathan Holland.

29. Defendant **Regional Emergency Medical Service Authority** has a lien and/or is owed $1,093.00 as to Defendant Hal Hamlett; and $1,093.00 as to Defendant Jessica Hamlett.

30. Defendant **Reno Orthopaedic Clinic LTD., Dr. Christensen** has a lien and/or is owed an undetermined amount due to potential payment by Defendant **Operating Engineers Funds, Inc. dba Operating Engineers Health & Welfare Trust Fund** as to Defendant Hal Hamlett; and $1,728.00 as to Defendant Jessica Hamlett.

31. Defendant **Reno Radiological Associates, Chartered** has a lien and/or is owed $2,618.45 as to Defendant Hal Hamlett; and 945.45 as to Defendant Jessica Hamlett.

32. Defendant **Robert G. Berry, Jr., M.D. Professional Corporation dba Orthopedic Rehabilitation Specialists of NV** has a lien and/or is owed $884.00 as to Defendant Jessica Hamlett.

33. Defendant **Universal Services, Inc.** has a lien and/or is owed $1,728.00 as to Defendant as to Defendant Jessica Hamlett.

34. Defendant **Operating Engineers Funds, Inc. dba Operating Engineers Health & Welfare Trust Fund** has a lien and/or is owed $33,641.52 as to Defendant Hal Hamlett; and $1,270.92 as to Defendant Jaidyn Hamlett.

35. Plaintiff brings this Complaint in Interpleader in good faith, and as directed by this Court, will deposit the sum of $24,440.00, to be divided by this Court, as it deems appropriate, upon receipt of the funds pursuant to the settlement agreements.

WHEREFORE, Plaintiff requests for this Court to provide the following relief:

1. Require Defendants to appear and answer this Complaint in Interpleader to establish whatever claims they have with respect to settlement proceeds.

2. Order immediate payment to Plaintiff in excess of $8,491.66 for attorneys' fees and costs based upon its lien and pursuant to statutory authority.

3. Determine which of the Defendants are entitled to a portion of the settlement proceeds.

4. That all of the Defendants be restrained until further order of this Court from institution or further pursuing any proceeding against Plaintiff affecting the rights and obligations of the parties to this action.

5. Declare Plaintiff to be without liability regarding Defendants' liens and be discharged from all responsibility concerning the settlement proceeds.

6. Award reasonable attorney's fees to Plaintiff for bringing this action;

7. Reimburse Plaintiff for service of the summonses and complaints served on the Defendants. Plaintiff will provide the court with an itemized list of billing for service of the summonses and complaints when they are served.

8. Extend any other relief to which Plaintiff is entitled; and

7

9. Discharge Golightly & Vannah, PLLC from the action.

10. For any further relief as the Court deems to be just and proper.

## Affirmation

**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document, Complaint, filed in case number unknown, does not contain the social security number of any person.

Dated this 3 day of February, 2016.

GOLIGHTLY & VANNAH, PLLC

ROBERT D. VANNAH, ESQ.
Nevada Bar No. 2503
L. DIPAUL MARRERO II, ESQ.
Nevada Bar. No. 12441
5555 Kietzke Lane, Suite 150
Reno, Nevada 89511
Attorneys for Plaintiff

8

# EXHIBIT 3

Golightly & Vannah vs. Hamlett, et al.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**

# EXHIBIT 3

# JENKINS LAW FIRM

ATTORNEYS AT LAW

From the Desk of:
**Nathan M. Jenkins, Esq.**
nathan@njenkinslaw.com

March 10, 2016

Robert D. Vannah, Esq.
L. Dipaul Marrero II, Esq.
Golightly & Vannah, PLLC
5555 Kietzke Lane, Suite 150
Reno, NV  89511

        RE:    Golightly & Vannah, PLLC, v. Hal Hamlett et al.
                  Complaint in Interpleader, Case No. CV16-00245

Dear Sirs:

      This office represents the Northern Nevada Operating Engineers Health and Welfare Trust Fund named in the above-noted matter as Operating Engineers Funds, Inc. dba Operating Engineers Health and Welfare Trust Fund.  The correct legal name is the Northern Nevada Operating Engineers Health and Welfare Trust Fund.

      I will accept service of process on behalf of the Northern Nevada Operating Engineers Health and Welfare Trust Fund.  Please forward an acceptance of service and I will execute it and return to your office.

      Please contact me with any questions.

                                            Sincerely yours,

                                            Nathan M. Jenkins

NMJ/vp