1  NATHAN M. JENKINS (560)
   JENKINS LAW FIRM
2  1895 Plumas Street, Suite 2
   Reno, NV 89509
3  (775) 829-7800
   Attorneys for Defendant Northern Nevada Operating
4      Engineers Health and Welfare Trust Fund

```
√  FILED          ____ RECEIVED
___ ENTERED       ____ SERVED ON
         COUNSEL/PARTIES OF RECORD

         JUN - 7 2016

   CLERK US DISTRICT COURT
     DISTRICT OF NEVADA
BY:_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| GOLIGHTLY & VANNAH, PLLC, | Case No. 3:16-cv-00144-MMD-VPC |
| Plaintiff, | |
| vs. | **JOINT CASE MANAGEMENT REPORT** |
| HAL HAMLETT, an individual; JESSICA HAMLETT, an individual; JAIDYN HAMLETT, a minor; JONATHAN HOLLAND, a minor; REGIONAL EMERGENCY MEDICAL SERVICE AUTHORITY; CHRISTIAN PURGASON, D.O. dba NORTHERN NEVADA EMERGENCY PHYSICIANS; TJ ALLEN, LLC; RENOWN REGIONAL MEDICAL CENTER; RENO ORTHOPAEDIC CLINIC, LTD., DR. CHRISTENSEN; RENO RADIOLOGICAL ASSOCIATES, CHARTERED; ROBERT G. BERRY, JR., M.D. PROFESSIONAL CORPORATION dba ORTHOPEDIC REHABILITATION SPECIALISTS OF NV; UNIVERSAL SERVICES, INC.; OPERATING ENGINEERS FUNDS, INC. dba OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND; DOE Defendants I through X; ROE CORPORATION Defendants XI through XX, | |
| Defendant. | |

Defendants Northern Nevada Operating Engineers Health & Welfare Trust Fund, named in the Complaint in Interpleader as Operating Engineers Funds, Inc. dba Operating Engineers Health & Welfare Trust Fund, Renown Regional Medical Center, and Universal Services, Inc., by and through their undersigned counsel, and TJ Allen, LLC, in pro per, pursuant to Federal Rule of Civil Procedure 16, Local Rule 16-2, and the Minutes of the Court dated May 17, 2016, hereby submit the

1

following Joint Case Management Report. This Joint Case Management Report was forwarded to Golightly & Vannah for review and comment, but no response has been received.

1. **A short statement of the nature of the case, including a description of each claim and defense.**

This is an interpleader action filed by Plaintiff law firm Golightly & Vannah, PLLC ("Plaintiff"). Plaintiff alleges that it obtained settlement proceeds in personal injury claims asserted on behalf of clients, Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, against a third-party tortfeasor. Plaintiff seeks (1) to interplead the alleged total settlement proceeds of $24,440.00; (2) payment to it of $8,491.66 for attorneys' fees and costs; and (3) a determination of which of the Defendants are entitled to a portion of the settlement proceeds.

Defendant TJ Allen appearing in pro per has alleged the following:

"This letter is to serve as my answer to Case No. CV16-00245. My office provided medical care and treatment to Hal Hamlett who's balance is $1,907.00, Jessica Hamlett who's balance is $2,255.00 and Jonathan Holland who's balance is $2,279.00 for injuries they sustained in a motor vehicle accident on 08/02/2013. I believe my treatment to be reasonable for his injuries. In the interest of good will, I am willing to reduce their balances by 50% plus expenses of $213.00 or whatever the court deems reasonable and fair."

Defendant Renown Regional Medical Center has alleged the following primary Affirmative Defenses:

1. Renown alleges that it has a general lien for medical services provided to Defendants Hal Hamlett and Jaidyn Hamlett which should take precedence and priority over all other medical liens alleged by the other healthcare providers named as Defendants herein against the funds on deposit with this Court.

2. Plaintiffs have failed to perfect their attorney's lien in accordance with the provisions of NRS 18.015, and are not entitled to the recovery Plaintiff has requested herein.

Defendant Northern Nevada Operating Engineers Health & Welfare Trust Fund, ("Defendant" or the "Trust Fund") named in the Complaint in Interpleader as Operating Engineers Funds, Inc. dba Operating Engineers Health & Welfare Trust Fund has alleged the following primary

2

Affirmative Defenses:

1. Defendant Trust Fund's Summary Plan Description provides it a contractual right to subrogation against third-party payments. Pursuant to the Summary Plan Description, the Trust Fund has a lien against the settlement proceeds and is entitled to payment of its lien in full without reduction because it takes precedence and priority over all other medical and attorney liens.

2. Defendant Trust Fund's subrogation claim arises under federal law, Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. 1132(a)(3). Pursuant to ERISA § 502(e)(1), Defendant Trust Fund's claim is subject to the exclusive jurisdiction of the federal courts. 29 U.S.C. §1132(e)(1).

3. Under governing federal statues and case law Plaintiff's claimed charging lien is pre-empted by ERISA and does not takes priority over Defendant Trust Fund Trust Fund's subrogation claim.

4. Plaintiff has failed to perfect its attorney's lien in accordance with the provisions of NRCP 18.015 and is not entitled to the recovery Plaintiff has requested.

5. Under the law and facts and circumstances presented, Plaintiff is not entitled to the relief it seeks nor is Plaintiff entitled to a discharge from this action.

Defendant Universal Services, Inc. has alleged the following primary Affirmative Defenses:

1. Plaintiff has failed to state a claim of action against answering Defendant upon which relief can be granted.

2. Defendant Universal Services, Inc. holds a lien against any personal injury settlement proceeds of Jessica Hamlett for the full amount of the billed charges and costs originally incurred. Said billed charges and costs incurred by Jessica Hamlett were for medical care and services provided to her in direct relation to the injury(ies) Jessica Hamlett sustained as a result of an automobile accident.

3. Answer Defendant alleges that it has been necessary to employ the services of The Bourassa Law Group to defend this action, and a reasonable sum should be allowed to answering Defendant for attorney's fees, together with costs expended in this action, pursuant to the

3

Medical Lien Subrogation Contract executed by Jessica Hamlett.

Defendants in proper person Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland have alleged the following primary Affirmative Defenses:

1. Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland alleges that the allegations contained in Plaintiff's Complaint fail to state a cause of action against Defendant upon which relief can be granted.

2. Plaintiff's actions constitute a waiver and release of these Defendants' obligation under any agreement between them.

3. Whatever injuries and damages were sustained by Plaintiff as a result of the alleged acts of these Defendants were caused in whole or in part or were contributed to by reasons of negligence of Plaintiff.

4. Plaintiff's Complaint is barred by the Doctrine of Estoppel and Laches.

5. Any of the damages allegedly suffered by the Plaintiff were caused by the actions of a third party and not by any actions of these Defendants.

6. Plaintiff is not entitled to any relief under this Complaint because of its failure to mitigate damages.

2. **A description of the principal factual and legal disputes in the case.**

Principal Factual Issues:

(a) What is the total recovery from all sources on behalf of Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland?

(b) What is the current outstanding dollar amount of each Defendant's lien or claim or right to recover?

(c) What is the amount of Plaintiff's claimed fees and costs in the tort action and in this Interpleader Action?

Principal Legal Issues:

(a) Have each of the individual Defendants perfected their lien or claim or right to recover?

(b) Have any of the individual Defendants waived their lien or claim or right to

4

1  recover?

2  (c) Do any of the individual Defendants have a priority lien or claim or right to
3  recover?

4  (d) Has the Plaintiff perfected their attorney's lien?

5  (e) Is Plaintiff entitled to all its claimed fees and costs in the tort action and/or in this
6  Interpleader Action?

7  (f) Are any Individual Defendants entitled to their fees and costs in responding to
8  this Interpleader Action?

9  (g) May TJ Allen *in propria persona* represent TJ Allen, LLC?

10  3.   **The jurisdictional bases for the case, citing specific jurisdictional statutes.**

11  This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant Northern Nevada Operating Engineers Health & Welfare Trust Fund ("Defendant" or the "Trust Fund") named in the Complaint in Interpleader as Operating Engineers Funds, Inc. dba Operating Engineers Health & Welfare Trust Fund pursuant to the provisions of 28 U.S.C. § 1441(a).

Defendant is a multi-employer welfare benefit trust established in accordance with the provisions of Section 302(c)(5) of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(5). Defendant is an employee welfare benefit plan within the definition of ERISA § 3(1). 29 U.S.C. § 1002(1). Defendant's principal place of business is within this District in Reno, Nevada.

To determine whether federal question jurisdiction exists over an interpleader action, the court employs the declaratory judgment standard. "Whether the action is styled as one for interpleader or for declaratory relief, the cause of action litigated is not that of the plaintiff but that of the defendants." *Morango Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1384 (9th Cir. 1988). "Federal jurisdiction over both types of actions is proper if the causes(s) of action anticipated by the plaintiff's suit would arise under federal law." *Id.* An ERISA trust fund's subrogation claim arises under federal law pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 369 (2006). Therefore,

an interpleader action that seeks to resolve an ERISA trust fund's subrogation claim triggers federal jurisdiction. As stated in *Lincoln General Ins. Co. v. State Farm Mutual Automobile Ins. Co.*, 425 F.Supp.2d 738, 743 (E.D. Va. 2006):

> "[I]t should also be noted that there is independent federal jurisdiction over this action under ERISA. This is so because NTCA's subrogation claim against Lincoln General is plainly governed by the provisions of that federal statute. Indeed, the Fourth Circuit has held that where, as here, an ERISA plan asserts a subrogation right to reimbursement, the plan may file that action in federal court pursuant to Section 502(a)(3) of ERISA ..."

"Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

Under the well-pleaded complaint rule the interpleader action does not allege a federal cause of action on its face. "One corollary of the well-pleaded complaint rule developed in the case law, however, is that congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). "That is, '[o]n occasion ... the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well pleaded complaint rule." *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 934 (9th Cir. 1994) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). Here the pre-emptive force of ERISA is so "extraordinary" that it converts the state court interpleader action to resolve an ERISA trust fund's subrogation claim into a federal claim for purposes of the well-pleaded complaint rule. This case therefore arises under the laws of the United States and is removable to federal court by the Defendant Trust Fund.

4. **Any parties who have not been served and an explanation why they have not been served; and any parties which have been served but have not answered or otherwise appeared.**

All named parties have been served. The following Defendants have failed to answer or otherwise appear and the time to do so has passed:

- Regional Emergency Medical Service Authority;

6

- Christian Purgason, D.O. dba Northern Nevada Emergency Physicians;
- Reno Orthopaedic Clinic, Ltd., Dr. Christensen;
- Reno Radiological Associates, Chartered;
- Robert G. Berry, Jr., M.D. Professional Corporation dba Orthopedic Rehabilitation Specialists of NV;

5. **A statement whether any party expects to add additional parties to the case or otherwise amend the pleadings.**

At present, none of the parties anticipate adding additional parties or amending their pleadings.

6. **A list of contemplated motions and a statement of issues to be decided by these motions.**

No motions are contemplated at this time.

7. **Whether there are any pending motions that may affect the parties' abilities to comply with a case management order, including a brief description of those motions.**

No motions are pending at this time.

8. **The status of related cases pending before other courts or other judges of this court.**

None.

9. **Any further supplemental discussion of necessary discovery, including:**

   a. The extent, nature, and location of discovery anticipated by the parties;

   b. Suggested revisions, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LR 26(1)(e);

   c. The number of hours permitted for each deposition, unless extended by the parties.

None at the present time.

10. **A discussion of any issues relating to the disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced.**

As of the present time, no issues have arisen relating to the disclosure or discovery of electronically stored information.

11. **A discussion of any issues related to claims of privilege or work product.**

As of the present time, no issues have arisen relating to claims of privilege or work product.

12. Unless the Court has already approved a discovery plan and scheduling order, the parties shall include proposed dates for each of the following pursuant to Local Rule

26-1:

    a.    A deadline for completion of discovery (LR 26-1(e)(1)): September 19, 2016

    b.    A deadline for amending the pleadings and adding parties (LR 26-1(e)(2)): June 21, 2016

    c.    Dates for complete disclosure of expert testimony (FRCP 26(a)(2)(A)-(C) and LR26-1(e)(3): The date for disclosures concerning experts shall be July 21, 2016. The date for disclosures respecting rebuttal experts shall be August 22, 2016.

    d.    A deadline for the filing of dispositive motions (LR 261(e)(4)): October 19, 2106

    e.    A date by which the parties will file the joint pretrial order (LR26-1(e)(5)): November 18, 2016

The deadlines submitted herein are in compliance with LR26-1(c).

13. **If this is a patent case, the parties shall review the Local Rules of Practice for Patent Cases LR 16.1-1 through 16.1-21 and include proposed dates for all required disclosures, statements, and claim construction briefing pursuant to the attached chart.**

The action herein is not a patent case.

14. **Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons).**

No party has demanded a jury.

15. **The estimated length of trial and any suggestions for shortening the trial.**

The parties estimate that one (1) day may be necessary for the trial.

16. **The prospects for settlement, including any request of the court for assistance in settlement efforts.**

The nature of this action calls for a speedy and inexpensive settlement. The parties request the court's timely assistance in reaching a settlement before the parties expend money on discovery, motion practice, or trial.

17. **Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Fed.R.Civ.P. 1.**

It is suggested that any lien or claim or right to recover of the Defendants which have failed

///

///

///

///

8

to timely answer or otherwise appear (see item #4 above) should be deemed waived.

DATED this 26th day of May, 2016.

JENKINS LAW FIRM
Attorneys for Defendant Northern Nevada Operating Engineers Health and Welfare Trust Fund

By: /s/ Nathan M. Jenkins
NATHAN M. JENKINS
1895 Plumas Street, Suite 2
Reno, NV 89509

DATED this 26th day of May, 2016.

MAUPIN, COX & LeGOY
Attorneys for Defendant Renown Regional Medical Center

By: /s/ Paul J. Anderson
PAUL J. ANDERSON (NV Bar 709)
KIM G. ROWE (NV Bar 1962)
4785 Caughlin Parkway
Reno, NV 89519

DATED this 26th day of May, 2016.

THE BOURASSA LAW GROUP, LLC
Attorneys for Defendant Universal Services, Inc.

By: /s/ Trent L. Richards
MARK J. BURASSA, ESQ. (NV Bar 7999)
TRENT L. RICHARDS, ESQ. (NV Bar 11448)
8668 Spring Mountain Road, Suite 101
Las Vegas, NV 89117

DATED this 26th day of May, 2016.

DEFENDANT TJ ALLEN, LLC, in pro per

By: /s/ TJ Allen
TJ ALLEN, LLC
1475 Terminal Way, Suite A4
Reno, NV 89502
775-770-2225

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE
DATED: June 7, 2016

9

## CERTIFICATE OF SERVICE

I certify that I am an employee of JENKINS LAW FIRM and that on this date the within document entitled **JOINT CASE MANAGEMENT REPORT** was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically e-serve the same on the attorney of record set forth below:

Robert D. Vannah, Esq.,
L. Dipaul Marrero II, Esq.
Golightly & Vannah, PLLC
5555 Kietzke Lane, Suite 150
Reno, NV 89511
*Attorneys for Plaintiff*

Paul J. Anderson, Esq.
Kim G. Rowe, Esq.
Maupin, Cox & LeGoy
PO Box 30000
Reno, NV 89520
*Attorneys for Defendant Renown Regional Medical Center*

and that on this date I deposited for mailing at Reno, Nevada a true copy of the within document addressed to:

Regional Emergency Medical Services Authority
Lisa Cote
450 Edison Way
Reno, NV 89502

Linda Haering, agent for
Christian Purgason
Northern Nevada Emergency Physicians
3700 Barron Way
Reno, NV 89511

TJ Allen, LLC
1475 Terminal Way, Suite A4
Reno, NV 89502

Jan Olivero
Maupin Cox & Legoy
Resident Agent
Reno Orthopaedic Clinc
Dr. Christensen
4785 Caughlin Pkwy
PO Box 30000
Reno, NV 89520

Michele Calkins, PARASEC
Resident Agent
Reno Radiological Associates Chartered
318 N Carson Street, #208
Carson City, NV 89701

Julia S. Gold, Esq.
Resident Agent
Robert G. Berry, Jr., M.D.
548 W Plumb Ave, Suite B
Reno, NV 89509

Mark J. Burassa, Esq.
Trent L. Richards, Esq.
The Bourassa Law Group, LLC
8668 Spring Mountain Road, Suite 101
Las Vegas, NV 89117
*Attorneys for Defendant Universal Services, Inc.*

DATED this ___ day of May, 2016.

*Julie Perry*