ROBERT D. VANNAH, ESQ.
Nevada Bar No. 002503
L. DIPAUL MARRERO II, ESQ.
Nevada Bar No. 012441
**GOLIGHTLY & VANNAH, PLLC**
5555 Kietzke Lane, Suite 150
Reno, Nevada 89511
Telephone (775) 222-3333
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| GOLIGHTLY & VANNAH, PLLC, <br><br> Plaintiff, <br><br> vs. <br><br> HAL HAMLETT, an individual; JESSICA HAMLETT, an individual; JAIDYN HAMLETT, a minor; JONATHAN HOLLAND, a minor; REGIONAL EMERGENCY MEDICAL SERVICE AUTHORITY; CHRISTIAN PURGASON, D.O., dba NORTHERN NEVADA EMERGENCY PHYSICIANS; TJ ALLEN, LLC; RENOWN REGIONAL MEDICAL CENTER; RENO ORTHOPAEDIC CLINIC, LTD., DR. CHRISTENSEN; RENO RADIOLOGICAL ASSOCIATES, CHARTERED; ROBERT G. BERRY, JR., M.D. PROFESSIONAL CORPORATION dba ORTHOPEDIC REHABILITATION SPECIALISTS OF NV; UNIVERSAL SERVICES, INC.; OPERATING ENGINEERS FUNDS, INC. dba OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND; DOE Defendants I through X; ROE CORPORATION Defendants XI through XX, <br><br> Defendants. | CASE NO.: 3:16-cv-00144-MMD-VPC <br><br> **MOTION TO AMEND COMPLAINT** |

    COMES NOW, Plaintiff, GOLIGHTLY & VANNAH, PLLC, by and through its attorneys, ROBERT D. VANNAH, ESQ., and L. DIPAUL MARRERO II, ESQ., and hereby moves this Court to enter an Order permitting Plaintiff to Amend its Complaint in this matter. This Motion is made pursuant to Federal Rule of Civil Procedure 15, the accompanying memorandum of Points and

1

Authorities, the exhibits attached hereto, the pleadings and documents on file herein, and any oral argument at the hearing on the matter.

Dated this 29 day of June, 2016.

GOLIGHTLY & VANNAH, PLLC

_____
L. DIPAUL MARRERO II, ESQ.
5555 S. Kietzke Lane, Suite 150
Reno, Nevada 89511
*Attorneys for Plaintiff*

///
///
///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTUAL AND PROCEDURAL OVERVIEW

On February 3, 2016, Plaintiff filed a Complaint in Interpleader with the Second Judicial District Court of the State of Nevada, related to the settlement of Defendants Jonathan Holland, and Hal, Jessica, and Jaidyn Hamletts' claims for damages related to injuries suffered in a motor vehicle accident which occurred on August 2, 2013.[1] On March 15, 2016, Defendant Northern Nevada Operating Engineers Health & Welfare Trust Fund filed a Notice Of Removal Of Action Under 28 U.S.C. § 1441(a) (Federal Question).[2] Defendant Renown Regional Medical Center filed an Answer To Complaint In Interpleader, in the Second Judicial District Court, on March 25, 2016.[3] Defendant Renown Regional Medical Center was able to determine that the amounts it was owed related to treatment rendered to Defendant Jessica Hamlett had in fact been paid by her health insurance, whose interests were represented by The Rawlings Company, LLC (hereinafter "Rawlings"). Defendant Renown Regional Medical Center submitted a Stipulation For Dismissal With Prejudice And Order, which was signed by all parties to this action, and filed with this Court on June 8, 2016.[4]

Plaintiff submitted a Stipulation For Plaintiff To Amend Its Complaint to add Rawlings as a Defendant in this matter, and submitted it to all parties on or around June 8, 2016. Plaintiff received signed Stipulations For Plaintiff To Amend Its Complaint by Defendant Northern Nevada Operating Engineers Health and Welfare Trust Fund, and Defendant Universal Services, Inc. on June 9, 2016.[5] Plaintiff received a signed copy of the Stipulation from Defendant TJ Allen, LLC on June 20, 2016.[6]

---

1 *See* Interpleader Complaint, attached hereto as Exhibit 1.
2 *See* Notice Of Removal… *on file herein.*
3 *See* Defendant Renown Regional Medical Center's Answer To Complaint In Interpleader, attached hereto as Exhibit 2.
4 *See* Stipulation For Dismissal With Prejudice And Order, *on file herein.*
5 *See* signed Stipulations…by Defendant Northern Nevada Operating Engineers Health and Welfare Trust Fund, and Defendant Universal Services, Inc., attached here jointly as Exhibit 3.
6 *See* signed Stipulation by Defendant TJ Allen, LLC, attached hereto as Exhibit 4.

3

Plaintiff did not receive signed Stipulations For Plaintiff To Amend Its Complaint from Defendants Hal, Jessica, and Jaidyn Hamlett, or Jonathan Holland, necessitating this Motion.

## II.

## ARGUMENT

### A. The Law in the Ninth Circuit is Clear, Leave To Amend Shall Be Freely Given:

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend its pleading only with the opposing party's written consent or the court's leave, and that the court should freely give leave when justice so requires. The policy of freely giving leave to amend is "to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F. 3d 1048, 1051 (9th Cir. 2003), *citing* Owens v. Kaiser Found. Health plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001), *quoting* Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). The factors a district court should consider in deciding whether to grant leave to amend are as follows:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, at 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). *See also* Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990)(citing Foman factors, as well as "previous amendment").

In the Ninth Circuit, the consideration of prejudice to the opposing party carries the greatest weight in determining whether to grant leave to amend a Complaint. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. The party opposing amendment bears the burden of showing prejudice. Id.

The Foman factors weigh in favor of granting Plaintiff leave to amend its Complaint in this matter to name Rawlings as a Defendant so that it may appear in this matter related to its claim for the settlement funds related to Defendant Jessica Hamlett's medical treatment paid by Rawlings. Any prejudice to the parties who have already appeared in this matter is minimal. Rawlings is *only* claiming a lien related to treatment Defendant Jessica Hamlett, thus, amendment of Plaintiff's Complaint to include Rawlings will not affect the claims of Defendants Hal Hamlett, Jaidyn Hamlett, or Jonathan Holland, as it relates to their respective claims to the settlement funds versus the rights of Defendant Northern Nevada Operating Engineers Health & Welfare Trust Fund or Defendant Universal Services, Inc. or TJ Allen, LLC. Further, Defendant Jessica Hamlett will not be prejudiced by the amendment, but rather, will be protected by adding Rawlings as a party to this matter by allowing its rights to be adjudicated along with hers in this Court, rather than exposing her to personal liability in a separate action by Rawlings later on.

Furthermore, Defendants Northern Nevada Operating Engineers Health & Welfare Trust Fund, Defendant Universal Services, Inc., and Defendant TJ Allen, LLC have already signed Plaintiff's proposed Stipulation to amend its Complaint, evidencing the lack of prejudice to their positions related to the proposed amendment.[7] Recent communications from Defendant Northern Nevada Operating Engineers Health & Welfare Trust Fund leads Plaintiff to believe they will oppose this Motion; however, communications from that Defendant evidence that they have no interest in Jessica Hamlett's claims to the settlement funds nor that of those lienholders who facilitated or provided her medical treatment.[8] Thus, the amount that Defendant Nevada Operating Engineers Health & Welfare Trust Fund will ultimately receive in this matter will not be materially affected by amending Plaintiff's Complaint to add Rawlings as a Defendant to this matter.

---

[7] *See* Exhibits 3 and 4, *attached hereto*.
[8] *See* April 25, 2014 letter from Defendant Northern Nevada Operating Engineer Health & Welfare Trust Fund claiming a lien for Jaidyn and Hal Hamlett, attached hereto as Exhibit 5.

5

Further, there is no undue delay, dilatory motive, or bad faith in the filing of the present Motion; Plaintiff, like all parties to this matter, wishes this matter to come to a prompt resolution. Plaintiff immediately sought to amend its Complaint upon Defendant Renown Regional Medial Center's exit this action. There is no "repeated failure to cure deficiencies" in Plaintiff's Complaint, as this is the first time such leave has been sought, and no party has filed any Motion to Dismiss Plaintiff's Complaint based on any purported deficiencies in the Complaint. Amendment of Plaintiff's Complaint will not be futile; rather, it will help propel this action to a resolution in which *all* claimants to the funds may appear and stake their claim to the settlement funds, the rights to which are disputed and form the basis of this interpleader action. All of the Foman factors weigh in favor of granting Plaintiff's Motion. Leave shall be freely given to amend pleadings, that policy is to be applied extremely liberally, and justice requires it be done in this case.

### III.

### CONCLUSION

No party will suffer any material prejudice by granting Plaintiff leave to amend its Complaint. There has been no undue delay. Therefore, Plaintiff respectfully moves for an Order from this Court granting Plaintiff's Motion.

DATED this 29 day of June, 2016.

GOLIGHTLY & VANNAH, PLLC

L. DIPAUL MARRERO II, ESQ.

## CERTIFICATION OF SERVICE

Pursuant to FRCP 5, I certify that on this date, I served the foregoing **MOTION TO AMEND COMPLAINT** on all parties to this action by:

\_\_\_\_ Facsimile

_X_ Mail

Addressed as follows:

Trent L. Richards, Esq.
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
*Attorneys for Defendant, Universal Services, Inc.*

Nathan M. Jenkins, Esq.
1895 Plumas Street, Suite 2
Reno, Nevada 89509
*Attorneys for Defendant Northern Nevada Operating Engineers Health and Welfare Trust Fund*

Hal, Jessica, and Jaidyn Hamlett, and Jonathan Holland
1150 E. Crystal Canyon Ct.
Reno, Nevada 89508
*Defendants in Proper Person*

TJ Allen, LLC
1475 Terminal Way, A4
Reno, Nevada 89502
*Defendant*

Dated this 29 day of June, 2016.

An employee of the law firm of
GOLIGHTLY & VANNAH, PLLC

7