# Exhibit 2

# Exhibit 2

F I L E D
Electronically
2016-03-25 09:31:49 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 5435311 : yviloria

CODE: 1130
Paul J. Anderson, Esq.
Nevada State Bar No. 709
Kim G. Rowe, Esq.
Nevada State Bar No. 1962
Maupin, Cox & LeGoy
4785 Caughlin Parkway
Reno, NV 89519
Phone: (775) 827-2000
Fax: (775) 827-2185
*Attorneys for Defendant Renown Regional Medical Center*

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

GOLIGHTLY & VANNAH, PLLC,

   Plaintiffs,

vs.

HAL HAMLETT, an individual; JESSICA HAMLETT, an individual; JAIDYN HAMLETT, a minor; JONATHAN HOLLAND, a minor, REGIONAL EMERGENCY MEDICAL SERVICE AUTHORITY; CHRISTIAN PURGASON, D.O., dba NORTHERN NEVADA EMERGENCY PHYSICIANS; TJ ALLEN, LLC; RENOWN REGIONAL MEDICAL CENTER; RENO ORTHOPAEDIC CLINIC, LTD., DR. CHRISTENSEN; RENO RADIOLOGICAL ASSOCIATES, CHARTERED; ROBERT G. BERRY, JR., M.D., PROFESSIONAL CORPORATION dba ORTHOPEDIC REHABILITATION SPECIALISTS OF NV; UNIVERSAL SERVICES, INC.; OPERATING ENGINEERS FUNDS, INC., dba OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND; DOE Defendants I through X; ROE CORPORATION Defendants XI through XX,

   Defendants.
_____/

Case No. CV16-00245

Dept. No. 7

**ANSWER TO COMPLAINT IN INTERPLEADER**

MAUPIN, COX & LEGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

Renown Regional Medical Center, a Nevada not for profit corporation ("Defendant" or "Renown"), for its answer to Complaint in Interpleader filed by Plaintiff, Golightly & Vannah, PLLC ("Plaintiff" or "GV") admits, denies and alleges as follows:

1. Renown admits the allegations set forth in paragraphs 1, 2, 8, 16, and 22.

2. Renown is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3, 4, 6, 7, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 21, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34 and 35 and, therefore, denies the same.

3. In answer to paragraph 5, Renown admits that it is a business and medical provider facility licensed by the state of Nevada, that it is doing business in Washoe County, Nevada and that it provided medical care to various Defendants identified in this case. The name identified in paragraph 5 of "Boyd" is not a named Defendant in this matter, and Renown denies any allegations attributable to "Boyd."

4. Renown denies each and every allegation set forth in paragraph 20.

5. In answer to paragraph 26, Renown admits that it provided medical care to the other Defendants identified therein, including Hal Hamlett, Jessica Hamlett, and Jaidyn Hamlett. In further answer to paragraph 26, Renown admits that certain amounts for medical care are owed to Renown for services provided to Defendants Hal Hamlett and Jaidyn Hamlett but that no statutory hospital liens have been filed with respect to either claim pursuant to NRS 108.590 through NRS 108.660.

## AFFIRMATIVE DEFENSES

1. Renown alleges that it has a general lien for medical services provided to Defendants Hal Hamlett and Jaidyn Hamlett which should take precedence and priority over all

other medical liens alleged by the other healthcare providers named as Defendants herein against the funds on deposit with this Court.

2. Plaintiffs have failed to perfect their attorney's lien in accordance with the provisions of NRS 18.015, and are not entitled to the recovery Plaintiff has requested herein.

3. All affirmative defenses set forth in NRCP 8(c) to the extent applicable to the facts of this case, are alleged by reference herein.

4. Renown alleges that at the time of the filing of this Answer Renown may not have had the opportunity to review, investigate and set forth all possible affirmative defenses which may be applicable to this Answer to Complaint in Interpleader. Accordingly, Renown requests leave to amend its answer to set forth any additional affirmative defenses which may be discovered as this matter progresses.

Based on the foregoing, Renown requests the following relief:

A. That Plaintiff's be ordered to deposit the interpleader funds with the Clerk of the Court, that the Court set a date and time to determine the respective rights of the various Parties to the funds to be deposited with this Court and that those funds be distributed in an equitable fashion by the Court;

B. For costs incurred in filing this Answer, together with a reasonable attorney's fee; and

C. For such other and further relief as the Court deems just and proper.

///

///

///

///

## NRS 239B.030 AFFIRMATION

Pursuant to NRS 239B.030, the undersigned hereby affirms that this document does not contain the Social Security Number of any person.

Dated this 25th day of March, 2013.

                MAUPIN, COX & LeGOY

                By: _____
                Paul J. Anderson, Esq.,
                4785 Caughlin Parkway
                Reno, NV 89519
                Tel.: (775) 827-2000
                Fax: (775) 827-2185
                *Attorneys for Defendant,*
                *Renown Regional Medical Center*

AUPIN, COX & LeGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of MAUPIN, COX & LeGOY, Attorneys at Law, and in such capacity and on the date indicated below I served the foregoing document(s) as follows:

Via E-Flex Electronic filing System:

Nathan M. Jenkins, Esq.
Jenkins Law Firm
1895 Plumas Street, Suite 2
Reno, NV 89509
*Attorney for Defendant Northern Nevada Operating Engineers Health & Welfare Trust Fund*

Via placing an original or true copy thereof in a sealed envelope with sufficient postage affixed thereto, in the United States mail at Reno Nevada, addressed to:

Robert D. Vannah, Esq.
L. DiPaul Marrero II., Esq.
Golightly & Vannah, PLLC
555 Kietzke Lane, Suite 150
Reno, NV 89511
*Attorneys for Plaintiff*

TJ Allen, LLC
1475 Terminal Way, Suite A4
Reno, NV 89502
*In Proper Person*

DATED this 25th day of March, 2016.

_____
Employee