ROBERT D. VANNAH, ESQ.
Nevada Bar No. 002503
L. DIPAUL MARRERO II, ESQ.
Nevada Bar No. 012441
**GOLIGHTLY & VANNAH, PLLC**
5555 Kietzke Lane, Suite 150
Reno, Nevada 89511
Telephone (775) 222-3333
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| GOLIGHTLY & VANNAH, PLLC,<br><br>            Plaintiff,<br><br>vs.<br><br>HAL HAMLETT, an individual; JESSICA HAMLETT, an individual; JAIDYN HAMLETT, a minor; JONATHAN HOLLAND, a minor; REGIONAL EMERGENCY MEDICAL SERVICE AUTHORITY; CHRISTIAN PURGASON, D.O., dba NORTHERN NEVADA EMERGENCY PHYSICIANS; TJ ALLEN, LLC; RENOWN REGIONAL MEDICAL CENTER; RENO ORTHOPAEDIC CLINIC, LTD., DR. CHRISTENSEN; RENO RADIOLOGICAL ASSOCIATES, CHARTERED; ROBERT G. BERRY, JR., M.D. PROFESSIONAL CORPORATION dba ORTHOPEDIC REHABILITATION SPECIALISTS OF NV; UNIVERSAL SERVICES, INC.; OPERATING ENGINEERS FUNDS, INC. dba OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND; THE RAWLINGS COMPANY, LLC; DOE Defendants I through X; ROE CORPORATION Defendants XI through XX,<br><br>            Defendants. | CASE NO.: 3:16-cv-00144-MMD-VPC<br><br>**AMENDED COMPLAINT IN INTERPLEADER** |

Plaintiff GOLIGHTLY & VANNAH, PLLC (hereinafter "Plaintiff"), by and through its attorneys of record ROBERT D. VANNAH, ESQ., and L. DIPUAL MARRERO II, ESQ., for its cause of action against the Defendants, and each of them, complains and alleges as follows:

1

1. This Court has jurisdiction pursuant to NRCP 22, which confers upon Plaintiff the right to interplead.

2. That Plaintiff is a law firm duly licensed to do business, and is doing business, within the County of Washoe, State of Nevada.

3. That Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland were, at all times relevant to this action, residents of Washoe County, Nevada.

4. That Plaintiff was retained by Defendant Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland to represent Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland for personal injuries they sustained in a motor vehicle accident against David Howard, which accident occurred on August 2, 2013.

5. That Defendant REGIONAL EMERGENCY MEDICAL SERVICE AUTHORITY, is, and at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Washoe County, State of Nevada, and provided medical care and treatment to the Hamlett Defendants, all or part of which was on a lien basis.

6. That Defendant TJ ALLEN, LLC, is, and at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Washoe County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

7. That Defendant CHRISTIAN PURGASON, D.O., dba NORTHERN NEVADA EMERGENCY PHYSICIANS, is, and at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Washoe County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

8. That Defendant RENOWN REGIONAL MEDICAL CENTER, is, and at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and

was doing business in Washoe County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

9. That Defendant RENO ORTHOPAEDIC CLINIC, LTD., DR. CHRISTENSEN, is, and at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Washoe County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

10. That Defendant RENO RADIOLOGICAL ASSOCIATES, CHARTERED, is, and at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Washoe County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

11. That Defendant ROBERT G. BERRY, JR., M.D. PROFESSIONAL CORPORATION dba ORTHOPEDIC REHABILITATION SPECIALISTS OF NV, is, and at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Washoe County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

12. That Defendant UNIVERSAL SERVICES, INC., is, and at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Washoe County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

13.     That Defendant OPERATING ENGINEERS FUNDS, INC. dba OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND, is, and at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Washoe County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

14.     That Defendant THE RAWLINGS COMPANY, LLC, is, and at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Kentucky, and is owns, purchased, or is otherwise responsible and is owed payment related to insurer AETNA HEALTH INC.'s subrogation rights, and was doing business in Washoe County, State of Nevada, and provided medical care and treatment to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland, all or part of which was on a lien basis.

15.     That the true names and capacities, whether individual, corporate, associate, or otherwise, DOE Defendants I through X are unknown to Plaintiff, who therefor sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereupon alleges that at all relevant times, each of the Defendants designated as a DOE Defendant is responsible in some manner for the events and happenings described herein. As such , Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of said Defendants as they become identified and known to Plaintiff.

16.     The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants ROE Corporations XI through XX, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed, believes and thereupon alleges that at all relevant times, each of the Defendants designated, as a ROE COPRORATION is responsible in some manner for the events and happening described herein. As such, Plaintiff will seek leave of

the Court to amend this Complaint to insert the true names and capacities of said Defendants as they become identified and known to Plaintiff.

17. On August 2, 2013, Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland were injured in an automobile collision caused by David Howard.

18. Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland entered in to a contingency attorney feew agreement with Plaintiff, which provided that Plaintiff would receive thirty three and one third percent (33 1/3%) of any monies recovered in addition to all costs associated with the pursuit of recovery against David Howard prior to initiating litigation.

19. There were other claimants related to the subject automobile collision caused by David Howard, whose liability insurance was not sufficient to satisfy all claims.

20. Plaintiff settled the claim in the amount of $11,944.00 as to Hal Hamlett; $11,240.00 as to Jessica Hamlett; $656.00 as to Jaidyn Hamlett; and $600.00 as to Jonathan Holland, for a total settlement of $24,440.00. ("Settlement Proceeds").

21. Plaintiff is therefore entitled to thirty three and one third percent (33 1/3 %) of the Settlement Proceeds, or $3,746.67 as to Jessica Hamlett along with $180.00 in costs; $3,981.33 as to Hal Hamlett with $165.00 in costs; $218.66 as to Jaidyn Hamlett; and $200.00 as to Jonathan Holland, pursuant to their contingent attorney fee agreements.

22. Plaintiff maintains a charging lien in this matter pursuant to NRS 18.015 which takes priority in this matter pursuant to *Michel v. Eighth Judicial District Court*, 117 Nev. 145, 17 P.3d 1003 and NRS 108.600.

23. Plaintiff is informed and believes that Defendants may have existing liens against the Settlement Proceeds for services provided to Defendants Hal Hamlett, Jessica Hamlett, Jaidyn Hamlett, and Jonathan Holland after the August 2, 2013, automobile collision.

24. Plaintiff is informed and believes tha the total monetary value of liens claimed by Defendants may exceed the remainder of the Settlement Proceeds after Plaintiff receives its contingency fee.

25. Plaintiff cannot safely determine which liens should be paid or what percentage should be awarded to Defendants, therefore exposing Plaintiff to multiple liabilities.

26. Plaintiff seeks to interplead pursuant to NRCP 22 the entirety of the aforesaid $24,400.00 with the Court and to have the Court determine the rights of each party with respect to the funds.

27. Upon information and belief, the Settlement Proceeds have been deposited with the Court by the underlying tortfeasor's liability insurer.

28. Defendant **Renown Regional Medical Center** had a lien and/or was owed $28,658.25 as to Defendant Hal Hamlett; $33,170.75 as to Defendant Jessica Hamlett; and $1,096.00 as to Defendant Jaidyn Hamlett; upon information and belief all of those bills have been paid by Defendant **Operating Engineer Funds, Inc., dba Operating Engineers Health & Welfare Trust Fund** and Defendant **The Rawlings Company, LLC** on behalf of AETNA HEALTH INC.

29. Defendant **Christian Purgason, D.O., dba Northern Nevada Emergency Physicians** has a lien and/or is owed $1,022.00 as to Defendant Hal Hamlett; $2,185.00 as to Defendant Jessica Hamlett; and $299.00 as to Defendant Jaidyn Hamlett.

30. Defendant **TJ Allen, LLC** has a lien and/or is owed $1,907.00 as to Defendant Hal Hamlett; $2,255.00 as to Defendant Jessica Hamlett; and $2,279.00 as to Defendant Jonathan Holland.

31. Defendant **Regional Emergency Medical Service Authority** has a lien and/or is owed $1,093.00 as to Defendant Hal Hamlett; and $1,093.00 as to Defendant Jessica Hamlett.

32. Defendant **Reno Orthopaedic Clinic LTD., Dr. Christensen** has a lien and/or is owed an undetermined amount due to potential payment by Defendant **Operating Engineers**

**Funds, Inc. dba Operating Engineers Health & Welfare Trust Fund** as to Defendant Hal Hamlett; and $1,728.00 as to Defendant Jessica Hamlett.

33. Defendant **Reno Radiological Associates, Chartered** has a lien and/or is owed $2,618.45 as to Defendant Hal Hamlett; and $945.45 as to Defendant Jessica Hamlett.

34. Defendant **Robert G. Berry, Jr., M.D. Professional Corporation dba Orthopedic Rehabilitation Specialists of NV** has a lien and/or is owed $884.00 as to Defendant Jessica Hamlett.

35. Defendant **Universal Services, Inc.** has a lien and/or is owed $1,728.00 as to Defendant Jessica Hamlett.

36. Defendant **Operating Engineers Funds, Inc. dba Operatign Engineers Health & Welfare Trust Fund** has a kueb abd/or is owed $33,641.52 as to Defendant Hal Hamlett; and $1,270.92 as to Defendant Jaidyn Hamlett.

37. Defendant **The Rawlings Company, LLC** has a lien and/or is owed $27,303.05 as to Jessica Hamlett.

38. Plaintiff brings this Amended Complaint in Interpleader in good faith, and as directed by this Court, will deposit the sum of $24,440.00, to be divided by this Court, as it deems appropriate, upon receipt of the funds pursuant to the settlement agreements.

WHEREFORE, Plaintiff requests for this Court to provide the following relief:

1. Require Defendants to appear and answer this Amended Complaint in Interpleader to establish whatever claims they have with respect to settlement proceeds.

2. Order immediate payment o Plaintiff in excess of $8,491.66 for attorneys' fees and costs based upon its lien and pursuant to statutory authority.

3. Determine which of the Defendants are entitled to a portion of the settlement proceeds.

4. That all of the Defendants be restrained until further order of this Court from instituting or further pursuing any proceeding against Plaintiff affecting the rights and obligations of the parties to this action.

5. Declare Plaintiff to be without liability regarding Defendants' liens and be discharged from all responsibility concerning the settlement proceeds.

6. Award reasonable attorney's fees to Plaintiff for bringing this action;

7. Reimburse Plaintiff for service of the summonses and complaints served on the Defendants. Plaintiff will provide the court with an itemized list of billing for service of the summonses and complaints when they are served.

8. Extend any other relief to which Plaintiff is entitled; and

9. Discharge Golightly & Vannah, PLLC from the action.

10. For any further relief as the Court deems to be just and proper.

Dated this 2 day of September, 2016.

GOLIGHTLY & VANNAH, PLLC

ROBERT D. VANNAH, ESQ.
Nevada Bar No. 2503
L. DIPAUL MARRERO II, ESQ.
Nevada Bar. No. 12441
5555 Kietzke Lane, Suite 150
Reno, Nevada 89511
Attorneys for Plaintiff