NATHAN M. JENKINS (560)
JENKINS LAW FIRM
1895 Plumas Street, Suite 2
Reno, NV 89509
(775) 829-7800
Attorneys for Defendant Northern Nevada Operating
  Engineers Health and Welfare Trust Fund

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| GOLIGHTLY & VANNAH, PLLC,<br><br>Plaintiff,<br><br>vs.<br><br>HAL HAMLETT, an individual; JESSICA HAMLETT, an individual; JAIDYN HAMLETT, a minor; JONATHAN HOLLAND, a minor; REGIONAL EMERGENCY MEDICAL SERVICE AUTHORITY; CHRISTIAN PURGASON, D.O. dba NORTHERN NEVADA EMERGENCY PHYSICIANS; TJ ALLEN, LLC; RENOWN REGIONAL MEDICAL CENTER; RENO ORTHOPAEDIC CLINIC, LTD., DR. CHRISTENSEN; RENO RADIOLOGICAL ASSOCIATES, CHARTERED; ROBERT G. BERRY, JR., M.D. PROFESSIONAL CORPORATION dba ORTHOPEDIC REHABILITATION SPECIALISTS OF NV; UNIVERSAL SERVICES, INC.; OPERATING ENGINEERS FUNDS, INC. dba OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND; DOE Defendants I through X; ROE CORPORATION Defendants XI through XX,<br><br>Defendant. | Case No. 3:16-cv-00144-MMD-VPC<br><br>**DEFENDANT NORTHERN NEVADA OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND'S ANSWER TO AMENDED COMPLAINT IN INTERPLEADER** |

Defendant Northern Nevada Operating Engineers Health and Welfare Trust Fund ("Defendant Trust Fund") named in the Complaint in Interpleader as Operating Engineer Funds, Inc. dba Operating Engineers Health and Welfare Trust Fund, by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Amended Complaint in Interpleader.

1

# ANSWER

1. Defendant Trust Fund denies the allegations of paragraph 1 insofar at it refers to the Second Judicial District Court of the State of Nevada in and for the County of Washoe. Defendant Trust Fund admits the allegations of paragraph 1 insofar at it refers to the United States District Court for the District of Nevada.

2. Defendant Trust Fund admits the allegations of paragraph 2.

3. Defendant Trust Fund admits the allegations of paragraph 3.

4. Defendant Trust Fund lacks knowledge of the allegations in paragraph 4 and therefore denies the same.

5. Defendant Trust Fund lacks knowledge of the allegations in paragraph 5 and therefore denies the same.

6. Defendant Trust Fund lacks knowledge of the allegations in paragraph 6 and therefore denies the same.

7. Defendant Trust Fund lacks knowledge of the allegations in paragraph 7 and therefore denies the same.

8. Defendant Trust Fund lacks knowledge of the allegations in paragraph 8 and therefore denies the same.

9. Defendant Trust Fund lacks knowledge of the allegations in paragraph 9 and therefore denies the same.

10. Defendant Trust Fund lacks knowledge of the allegations in paragraph 10 and therefore denies the same.

11. Defendant Trust Fund lacks knowledge of the allegations in paragraph 11 and therefore denies the same.

12. Defendant Trust Fund lacks knowledge of the allegations in paragraph 12 and therefore denies the same.

13. Defendant Trust Fund admits that it does business in Washoe County, Nevada and provided medical coverage to Hal Hamlett and Jaidyn Hamlett, all of which was on a lien basis. Defendant Trust Fund denies all other allegations of paragraph 13.

14. Defendant Trust Fund lacks knowledge of the allegations in paragraph 14 and therefore denies the same.

15. Defendant Trust Fund lacks knowledge of the allegations in paragraph 15 and therefore denies the same.

16. Defendant Trust Fund lacks knowledge of the allegations in paragraph 16 and therefore denies the same.

17. Defendant Trust Fund admits the allegations of paragraph 17.

18. Defendant Trust Fund lacks knowledge of the allegations in paragraph 18 and therefore denies the same.

19. Defendant Trust Fund lacks knowledge of the allegations in paragraph 19 and therefore denies the same.

20. Defendant Trust Fund lacks knowledge of the allegations in paragraph 20 and therefore denies the same.

21. Defendant Trust Fund denies the allegations of paragraph 21.

22. Defendant Trust Fund denies the allegations of paragraph 22.

23. Defendant Trust Fund admits that it has an existing lien against the settlement proceeds for amounts paid under health coverage provided to Hal Hamlett and Jaidyn Hamlett. Defendant Trust Fund denies all other allegations of paragraph 23.

24. Defendant Trust Fund lacks knowledge of the allegations in paragraph 24 and therefore denies the same.

25. Defendant Trust Fund denies the allegations of paragraph 25.

26. To the extent paragraph 26 alleges a conclusion of law, no answer is required and none is given. To the extent an answer is required, Defendant Trust Fund admits that the United States District Court for the District of Nevada has jurisdiction to determine the rights of each party with respect to the inter-pled funds. Defendant Trust Fund lacks knowledge as to the remaining allegations of paragraph 26 and therefore denies the same.

27. Defendant Trust Fund lacks knowledge of the allegations in paragraph 27 and therefore denies the same.

3

1  28. Defendant Trust Fund admits the allegations regarding its payment of bills on behalf of Hal Hamlett and Jaidyn Hamlett and lacks knowledge of the remaining allegations in paragraph 28 and therefore denies the same.

29. Defendant Trust Fund lacks knowledge of the allegations in paragraph 29 and therefore denies the same.

30. Defendant Trust Fund lacks knowledge of the allegations in paragraph 30 and therefore denies the same.

31. Defendant Trust Fund lacks knowledge of the allegations in paragraph 31 and therefore denies the same.

32. Defendant Trust Fund lacks knowledge of the allegations in paragraph 32 and therefore denies the same.

33. Defendant Trust Fund lacks knowledge of the allegations in paragraph 33 and therefore denies the same.

34. Defendant Trust Fund lacks knowledge of the allegations in paragraph 34 and therefore denies the same.

35. Defendant Trust Fund lacks knowledge of the allegations in paragraph 35 and therefore denies the same.

36. Defendant Trust Fund admits the allegations of paragraph 36.

37. Defendant Trust Fund lacks knowledge of the allegations in paragraph 37 and therefore denies the same.

38. To the extent paragraph 38 alleges a conclusion of law, no answer is required and none is given. Defendant Trust Fund admits that all settlement funds should be deposited in the registry of the United States District Court for the District of Nevada. Defendant Trust Fund lacks knowledge as to the remaining allegations of paragraph 38 and therefore denies the same.

///
///
///
///

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant Trust Fund's Summary Plan Description provides the following regarding third-party payments:

> **Third-party Payments (Subrogation)** The Fund shall be entitled to subrogation and / or reimbursement of all rights of recovery of a Participant, Dependent, and representative, guardian, trustee, agent, or assignee of such Participant and / or Dependent (collectively, "Claimant"). The Fund shall be subrogated to any and all rights of recovery and causes of action, whether by suit, settlement or otherwise, that Claimant may have against any person or entity that may be liable for Claimant's Injury, sickness or condition for which the Fund has paid or may be obligated to pay benefit son Claimant's behalf. claimant shall execute and deliver instruments and papers and whatsoever else is necessary to secure such rights. claimant shall not do anything to impair, release, discharge or prejudice the Fund's rights to subrogation and / or reimbursement.
>
> The Fund shall also be entitled, to the fully extent of payments made or to be made by the Fund to or on behalf of Claimant, to the proceeds of any settlement, judgment or payment from any source liable for making a payment relating to Claimant's Injury, sickness or condition for which the Fund has paid or is obligated to pay benefit son Claimant's behalf. A source includes, without limitation, a responsible party and / or responsible party's insurer (or self-funded protection), no-fault protection, personal injury protection, medical payments coverage, financial responsibility, uninsured or underinsured insurance coverage, and an individual policy of insurance maintained by Claimant. In the event of a recovery or settlement, the Fund shall be reimbursed out of such recovery or settlement for all expenses, costs and attorneys' fees incurred by the Fund in connection therewith.
>
> Claimant shall hold in trust for the Fund's benefit that portion of the total recovery from any source that is due for payments made or to be made. Claimant shall reimburse the Fund immediately upon recovery. Claimant shall immediately notify the Fund if Claimant is involved in or suffers an accident or injury fo which a third arty may be liable. Claimant shall again notify the Fund if Claimant purses a claim to recovery damages or other relief relating to any Injury, sickness or condition for which the Fund has paid or is obligated to pay benefits on Claimant's behalf. Claimant shall immediately notify the Fund upon receiving a judgment, settlement offer, or other compromise offer, and upon filing any petition to compromise a minor's claim. Claimant shall not settle or compromise any claims without the Fund's consent.
>
> The Trust Fund's subrogation and reimbursement rights shall apply on a priority, first-dollar basis to any recovery, whether by suit, settlement or otherwise, whether there is a partial or full recovery and regardless of whether Claimant is made whole and regardless of whether the amounts are characterized or described as medical expenses or as amounts other than for medical expenses. The Fund shall be entitled, to the full extent of any payment made or to be made to or on behalf of Claimant, to the proceeds of any settlement or judgment hat may result from the exercise of any rights of

> recovery of Claimant against any person or entity for the Injury, sickness or condition for which such payment was made or will be made. The Fund shall be entitled to complete reimbursement for all benefits paid and to be paid regardless of attorneys' fees or costs incurred by Claimant in obtaining any settlement or judgment.
>
> Once the Fund makes or is obligated to make payments on behalf of Claimant, the Fund is granted, and Claimant consents to, an equitable lien by agreement and/or a constructive trust on the proceeds of any payment, settlement, or judgment received by or on behalf of Claimant from any source to the full extent of payments made or to be made by the Fund on Claimant's behalf.
>
> Neither the make whole rule, the common fund doctrine, nor any other federal or state common law defense shall in any way reduce or limit the Fund's reimbursement, subrogation, and other rights under this section. The Fund's reimbursement, subrogation, and other rights under this section may not be adjudicated or modified through a compromise of a minor's claim pursuant to NRS 41.200 or other comparable statute.
>
> The Fund may require Claimant to complete and execute certain documentation to assist the Fund in the enforcement of its subrogation and reimbursement rights including, without limitation, a subrogation and reimbursement questionnaire and a reimbursement agreement. The completion and execution of any documents requested by the Fund shall be a condition precedent to receiving payment for a claim. If Claimant fails to complete and execute such documentation, the Fund shall have the right to suspend all benefit payments that would otherwise be due to Claimant, the Participant of whom claimant is a Dependent and any other Dependent of Claimant or such Participant.
>
> The Fund may cease advancing benefits if there is a possible basis to determine this provision may not be enforceable, or if there is a basis to believe that claimant will not honor the terms of this section. The Fund may also deny coverage for expenses incurred after recovery on the third-party claim, if such expenses are related to the third-party recovery. If the Fund is not reimbursed upon recovery on a claim, the Fund or its Trustees may bring an action against any Claimant to enforce the Fund's right to reimbursement and / or the agreement to reimburse, and / or to seek a constructive trust or other remedy. In addition, without waiving any other remedy, the Fund may recoup the reimbursement by recovering from the source to which benefit s were paid and / or by offsetting against future benefit payments that would otherwise be due to Claimant, the Participant of whom Claimant is a Dependent and any other Dependent of Claimant or such Participant.

Pursuant to the Summary Plan Description, the Trust Fund has a lien against the settlement proceeds and is entitled to payment of its lien in full without reduction because it takes precedence and priority over all other medical and attorney liens.

### Second Affirmative Defense

Defendant Trust Fund's subrogation claim arises under federal law, Section 502(a)(3) of

the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. 1132(a)(3). Pursuant to ERISA § 502(e)(1), Defendant Trust Fund's claim is subject to the exclusive jurisdiction of the federal courts. 29 U.S.C. §1132(e)(1).

### Third Affirmative Defense

Under governing federal statues and case law Plaintiff's claimed charging lien is pre-empted by ERISA and does not takes priority over Defendant Trust Fund Trust Fund's subrogation claim.

### Fourth Affirmative Defense

Plaintiff has failed to perfect its attorney's lien in accordance with the provisions of NRCP 18.015 and is not entitled to the recovery Plaintiff has requested.

### Fifth Affirmative Defense

Under the law and facts and circumstances presented, Plaintiff is not entitled to the relief it seeks nor is Plaintiff entitled to a discharge from this action.

### Sixth Affirmative Defense

Defendant Trust Fund alleges that at the time of the filing of this Answer, Defendant Trust Fund may not have had the opportunity to review, investigate, and set forth all possible affirmative defenses which may be applicable to this Answer to Complaint in Interpleader. Accordingly, Defendant Trust Fund requests leave to amend its answer to set forth any additional affirmative defenses which may be discovered as this matter progresses.

WHEREFORE, Defendant Trust Fund prays for judgment as follows:

(1) that Plaintiff be directed to deposit in the registry of the United States District Court for the State of Nevada the entire settlement proceeds without any deductions;

(2) that Plaintiff's request for an award of thirty three and one third percent (33 1/3%) of the settlement proceeds, reasonable attorney's fees and costs for filing this action, and discharge from this action be denied;

(3) that the Defendant Trust Fund be awarded the entire amount of its subrogation lien, plus attorneys fees, costs and expenses incurred herein;

(4)   that Defendant Trust Fund be awarded such other and further relief as the Court may deem just and proper.

DATED this ___8th___ day of September, 2016.

JENKINS LAW FIRM
Attorneys for Defendant Northern Nevada Operating
Engineers Health and Welfare Trust Fund

By: _____
NATHAN M. JENKINS
1895 Plumas Street, Suite 2
Reno, NV 89509

JENKINS LAW FIRM
ATTORNEYS AT LAW
1895 Plumas Street, Suite 2
Reno, Nevada 89509
(775) 829-7800 Fax (775) 829-0511

## CERTIFICATE OF SERVICE

I certify that I am an employee of JENKINS LAW FIRM and that on this date the within document entitled **DEFENDANT NORTHERN NEVADA OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND'S ANSWER TO AMENDED COMPLAINT IN INTERPLEADER** was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically e-serve the same on the attorney of record set forth below:

Robert D. Vannah, Esq.,
L. Dipaul Marrero II, Esq.
Golightly & Vannah, PLLC
5555 Kietzke Lane, Suite 150
Reno, NV 89511
*Attorneys for Plaintiff*

Mark J. Bourassa, Esq.
Trent L. Richards, Esq.
The Bourassa Law Group, LLC
8668 Spring Mountain Road, Suite 101
Las Vegas, NV 89117
*Attorneys for Defendant Universal Services, Inc.*

and that on this date I deposited for mailing at Reno, Nevada a true copy of the within document addressed to:

Jessica Hamlett
17185 Aquamarine Drive
Reno, NV 89508

TJ Allen, LLC
1475 Terminal Way, Suite A4
Reno, NV 89502

DATED this __8__ day of September, 2016.

*Vickie Perry*