UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GOLIGHTLY & VANNAH, PLLC, | Case No. 3:16-cv-00144-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| HAL HAMLETT, an individual; JESSICA HAMLETT, an individual; JAIDYN HAMLETT, a minor; JONATHAN HOLLAND, a minor, REGIONAL EMERGENCY MEDICAL SERVICE AUTHORITY; CHRISTIAN PURGASON, D.O., dba NORTHERN NEVADA EMERGENCY PHYSICIANS; TJ ALLEN, LLC; RENOWN REGIONAL MEDICAL CENTER; RENO ORTHOPAEDIC CLINIC, LTD., DR. CHRISTENSEN; RENO RADIOLOGICAL ASSOCIATES, CHARTERED; ROBERT G. BERRY, JR., M.D., PROFESSIONAL CORPORATION dba ORTHOPEDIC REHABILITATION SPECIALISTS OFNV; UNIVERSAL SERVICES, INC.; OPERATING ENGINEERS FUNDS, INC., dba OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND; DOE Defendants I through X; ROE CORPORATION Defendants XI through XX, | |
| Defendants. | |

In this interpleader action, Plaintiff Golightly & Vannah, PLLC interpleads settlement proceeds ("Settlement Proceeds") for their clients obtained as a result of an automobile collision claim. Plaintiff alleges that Defendants may have existing liens against the against the Settlement Proceeds. (ECF No. 1-1 at 5.) Before the Court is

Plaintiff's motion for default judgment (ECF No. 56), seeking judgment against those defendants who have failed to appear or otherwise respond to the complaint: Reno Radiology Associates, Regional Emergency Medical Services Authority; Robert G. Berry, Jr., M.D., Professional Corporation; Reno Orthopedic Ltd.; Dr. Christensen; Christian Purgason, D.O. dba Northern Nevada Emergency Physicians (collectively, "Non-Answering Defendants").

The Court finds that default judgment is proper. Plaintiff has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(b). The Clerk properly entered a default against the Non-Answering Defendants pursuant to Fed. R. Civ. P. 55(a) because the Non-Answering Defendants have failed to appear after having been properly served. (ECF No 55.) Plaintiff has also satisfied the factors for obtaining default judgment articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). It is apparent that the Non-Answering Defendants have decided not to assert a claim over the Settlement Proceeds.

It is therefore ordered that Plaintiff's motion for default judgment (ECF No. 56) is granted. The Non-Answering Defendants have forfeited any claim to the Settlement Proceeds.

It is further ordered that Defendant Universal Services, Inc.'s motion for disbursement of funds (ECF No. 43) is granted. With respect to the amount of Settlement Proceeds in the amount of $11,240.00 for Jessica Hamlett, the Court orders disbursement of funds as follows:

TJ Allen, LLC: $2,255.00

Universal Services, Inc.: $1,728.00

Plaintiff: $5,225.77 ($3,926.67 (perfected attorney's lien) + $1,299.10 (costs related to this action))

Jessica Hamlet: $2,031.23

///

///

2

It is further ordered that the joint motion to disburse interpleader funds as to Defendants Hal Hamlett and Jaidyn Hamlett (ECF No. 50) is granted. With respect to the Settlement Proceeds in the amount of $11,944.00 for Hal Hamlett, the Court orders disbursement of funds as follows:

    Hal Hamlett: $1,500.00

    Plaintiff: $1,118.56

    TJ Allen, LLC: $250.00

    Northern Nevada Operating Engineers Health and Welfare Trust Fund ("Trust Fund"): $9,075.44

With respect to the Settlement Proceeds in the amount of $656.00 for Jaidyn Hamlett, the Court orders disbursement of funds as follow:

    Jaidyn Hamlett: $250.00

    Plaintiff: $59.62

    Trust Fund: $346.38

The Clerk is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 27th day of February 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE